[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12542
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 19, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-00159-CR-E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARQUEZ VAUGHN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(January 19, 2010)

Before EDMONDSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Marquez Vaughn appeals his sentence of twenty-four months of

imprisonment, imposed after the district court revoked his supervised release pursuant to 18 U.S.C. § 3583(e). On appeal, Vaughn argues that a sentence of a year and a day would have been a serious consequence for his violations and would have achieved the purposes of sentencing under 18 U.S.C. § 3553(a) without being excessive. Vaughn contends that the punishment of imprisonment is inherently serious and harsh due to the dangers found in prison and the stigma faced upon release. Vaughn argues that a year-long sentence would have been sufficient to allow him to attend drug and anger management classes. Finally, Vaughn contends that the district court failed to articulate sufficient reasons to warrant imposition of the statutory maximum sentence. After careful review of the record, we reject these arguments and affirm the judgment of the district court.

On June 7, 2005, Vaughn was sentenced to fifty-one months of imprisonment and three years of supervised release, following his plea of guilty to a charge of being a felon in possession of a firearm. Vaughn was released from prison in May 2008. The next month, he tested positive for marijuana use. In August 2008, he left the judicial district without permission. In December 2008, Auburn police arrested Vaughn after he fled a confrontation at a sports bar. At that time, he was charged with carrying a pistol without a permit, resisting arrest, and public drunkenness. Possession of the pistol violated the specific requirement of

2

Vaughn's supervised release that he not possess a firearm.

At the hearing to revoke his supervised release, Vaughn presented testimony about the care he provided to his ailing mother and his girlfriend's children. The guidelines range of suggested imprisonment was eight to fourteen months. Vaughn requested a sentence of a year and a day. The district court imposed a sentence of two years, the statutory maximum under 18 U.S.C. § 3583(e)(3). This timely appeal followed.

We review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006) (per curiam). The Supreme Court has stated that when reviewing for reasonableness, courts of appeal are to apply the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007).

Section 3583(e)(3) of Title 18 provides that a district court may impose a sentence of imprisonment for a violation of supervised release after considering the factors set forth in 18 U.S.C. § 3553(a)(1), -(a)(2)(B)–(D), and -(a)(4)–(7). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed . . . treatment . . . ; (4) the kinds of sentence and the sentencing range . . . ; (5) any pertinent policy

3

statement . . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The district court must impose a sentence that is both procedurally and substantively reasonable. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. A sentence may be procedurally unreasonable if the district court improperly calculates the guidelines range, treats the Sentencing Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to explain adequately the chosen sentence. *Id.* In *Gall*, the Supreme Court held that a district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing," and that, if the court determines that a non-guideline sentence is warranted, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance" from the Guidelines. *Id.* at 50, 128 S. Ct. at 597.

The review for substantive reasonableness involves examining the totality of the circumstances, including the extent of any variance and an inquiry into whether the statutory factors in § 3553(a) support the sentence in question. *Id.* at 50–51, 128 S. Ct. at 597. In its consideration of the § 3553(a) factors, the district court

4

does not need to discuss or state a determination on each factor explicitly. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Instead, an acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice. *Id.* at 1330. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation omitted). The party challenging the sentence has the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

Here, the appellant Vaughn has failed to show that his twenty-four-month sentence was unreasonable. The district court stated at sentencing that it had considered the defendant's arguments and the § 3553(a) factors. Moreover, the district court described how the facts of Vaughn's violation fit within the factors to support the twenty-four month sentence. The district court noted that Vaughn's arrest by the Auburn police followed two previous violations of supervised release; Vaughn had thereby demonstrated his disregard for the orders of the district court. The district court found Vaughn's violations to be serious ones, in particular his flight from the Auburn police, which put the public, the police, and Vaughn himself in danger. The district court noted that Vaughn had gotten into trouble

5

before for possessing a weapon and attempting to flee. That prior history, the district court stated, meant it would treat the current violations by Vaughn "very seriously."

These observations defeat Vaughn's contention that the district court failed to adequately explain the sentence, such that it was procedurally inadequate. Moreover, the parties agreed that the district court correctly calculated the guideline range, and cited the correct statutory maximum sentence. And as for substantial reasonableness, the comments of the district court revealed its justification for Vaughan's sentence. The district court considered the applicable factors in § 3553(a), and imposed a statutory maximum sentence that was supported by the § 3553(a) factors. Accordingly, we affirm.

**AFFIRMED.**